UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
|   CANDIS V. THORNTON : | |
|     Debtor : | CHAPTER 13 |
| : | |
| JACK N. ZAHAROPOULOS : | |
| STANDING CHAPTER 13 TRUSTEE : | |
|     Movant : | CASE NO. 1-25-bk-01022 |
| : | |
| CANDIS V. THORNTON : | |
|     Respondent : | |

TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 22nd day of May 2025, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced Debtor(s)' Plan for the following reason(s):

1. Debtor(s)' Plan violates 11 U.S.C. §1322(a)(1) and §1325(b) in that the Debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

Trustee alleges and therefore avers that Debtor(s)' disposable income is greater than that of which is committed to the Plan based upon the Means Test calculation and specifically disputes the following amounts:

    a. Line 5 of 122C-1 does not list home healthcare income.
    b. Line 16 of 122C-2 should be $2,025.00.

2. Failure to properly state the liquidation value in Section 1B of the Plan.

3. Failure to properly state the minimum amount to be paid to unsecured creditors in Section 1.A.4. of the Plan, as required by the Means Test.

4. Debtor(s)' Plan violates 11 U.S.C. §1325(a)(4) in that the value of property to be distributed under the Plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, Debtor has access to non-exempt equity in the following:

    a. Residential real estate. Trustee requests proof of the value of the Debtor(s) home as stated in his/her schedules.

5. Debtor(s)' Plan violates 11 U.S.C. §1325(b)(1) in that the Plan does not provide for the payment of all of Debtor(s)' projected disposable income for a minimum period of five (5) years (Debtor is over median).

6. Statement of Financial Affairs #27 lacks description.

7. Trustee avers that Debtor(s)' Plan is not feasible based upon the following:

   a. The Plan is underfunded relative to claims to be paid.

8. Trustee provides notice to the Court as to the ineffectiveness of Debtor(s)' Chapter 13 Plan for the following reasons:

   a. Clarification of vesting property. Because non-exempt equity exists, the Plan should provide for vesting at closing. Accordingly, the Plan violates §1325(a)(4).

WHEREFORE, Trustee alleges and avers that Debtor(s)' Plan cannot be confirmed, and therefore Trustee prays that this Honorable Court will:

   b. Deny confirmation of Debtor(s)' Plan.
   c. Dismiss or convert Debtor(s)' case.
   d. Provide such other relief as is equitable and just.

Respectfully submitted:

/s/Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

# CERTIFICATE OF SERVICE

       AND NOW, this 22nd day of May 2025, I hereby certify that I have served the within Objection by electronically notifying all parties or by depositing a true and correct copy of the same in the Unites States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

BRENT DIEFENDERFER ESQUIRE
CGA LAW FIRM
135 NORTH GEORGE STREET
YORK, PA  17401-

                                            /s/Tammy Life
                                            Office of Jack N. Zaharopoulos
                                            Standing Chapter 13 Trustee